STATE OF IDAHO } SS
COUNTY OF KOOTENAI
FILED:

2014 SEP 24 AM 10: 01

CLERK DISTRICT COURT

_____
DEPUTY

KEVIN W. ROBERTS
ADAM J. CHAMBERS
DUNN BLACK & ROBERTS, P.S.
111 North Post, Suite 300
Spokane, WA 99201
Telephone: (509) 455-8711
Facsimile: (509) 455-8734
Roberts ISB No. 6305
Chambers ISB No. 9480

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| MICHAEL BOTAI and JENNIFER BOTAI, husband and wife, | Case No. CV14-7149 |
| Plaintiffs, | **COMPLAINT** |
| v. | Fee Category AA |
| SAFECO INSURANCE COMPANY OF ILLINOIS, an Illinois corporation, | Filing Fee: $221.00 |
| Defendant. | |

Plaintiffs Michael Botai and Jennifer Botai, by and through their attorneys of record, Dunn Black & Roberts, P.S. allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiffs Michael Botai and Jennifer Botai ("the Botais") are a married couple and reside in Kootenai County, Idaho.

COMPLAINT - 1

*Assigned to Judge Wayman*

2. Upon information and belief, Defendant Safeco Insurance Company of Illinois ("Safeco") is an Illinois corporation conducting business in Idaho.

3. Jurisdiction and venue are proper in this Court.

## FACTS

4. Plaintiffs incorporate by reference the allegations set forth above as if set forth fully herein.

5. Jennifer Botai ("Jennifer Botai") purchased a homeowners insurance policy from Defendant Safeco, Policy No. OM2305614 ("Policy"), to provide insurance coverage for her home located at 4333 W. Lennox Loop, Coeur d'Alene, Idaho 83815. Jennifer Botai shares the home with her husband, Michael Botai.

6. Jennifer Botai was the named insured on the Policy, and the policy period ran from May 26, 2013 to May 26, 2014.

7. The terms of the Policy provided Jennifer Botai with, among other rights, coverage for damage to the Botais' home, for living expenses due to any displacement caused by damages, and for damage to personal property.

8. On or around December 7, 2013, the Botais' home was damaged by water which resulted in significant damage to the home and personal property. The Botais were required to relocate due to the damage caused to the home.

9. On or around December 9, 2013, the Botais filed an insurance claim with Safeco. The Botais have properly and timely provided all information requested by Safeco

COMPLAINT - 2

throughout the claims adjustment process, and have promptly responded to all inquiries made by Safeco necessary to resolve the Botais' claims.

10. On or around December 10, 2013, the Botais received a call from Charles Green, Safeco Inside Property Loss Specialist, to discuss the water damage.

11. Shortly after water damaged the Botais' home, the Botais hired Elite Empire Construction to perform the clean-up operations necessary to mitigate water damages. Elite Empire Construction provided an itemized invoice to Safeco for the services performed. The invoice for clean-up and mitigation work was $12,928.96.

12. On or around December 13, 2013, Safeco sent Field Adjuster Ben Berriochoa to investigate the damage at the Botais' home. Upon arriving at the Botais' home, Mr. Berriochoa told the Botais that he was "suspicious" of the Botais' claim but did not provide any basis or explanation for stating so. Mr. Berriochoa declined to conduct a full or thorough inspection of the home and/or damages.

13. On or around December 17, 2013, Safeco hired the restoration company Servpro to evaluate the cause of the damages. Mark Johnson from Servpro verified that the Botais' home had been damaged by water as reported by the Botais.

14. The Botais obtained a bid for the repair work to their home from Elite Empire Construction and submitted the bid for the work to Safeco. Elite Empire Construction's bid to repair the damage was $60,645.46.

15. After receiving Elite Empire's bid, Safeco obtained a bid from Compass Construction for the repairs to the house. The Compass Construction bid was $10,750.71.

COMPLAINT - 3

16. On or around December 19, 2013, Traci Johnson, Safeco Special Investigations Unit, contacted the Botais to notify them Safeco wanted to perform additional inspections of the property. The Botais agreed and made the property available.

17. Safeco subsequently inspected the property on multiple occasions. The Botais complied with all of Safeco's requests to provide information and to make the home available for the inspections.

18. On or around January 15, 2014, more than a month after the Botais filed their claim and after receiving no payment from Safeco, the Botais requested payment for their claim.

19. Safeco responded later that same day by notifying the Botais that they would be required to perform an Examination Under Oath ("EUO") before Safeco would issue payment.

20. On March 6, 2014, Jennifer Botai, the named insured under the Policy, attended the EUO.

21. On or around March 11, 2014, more than three months after the Botais had filed their claim, Safeco had still not issued any payment pursuant to the policy.

22. On or around March 20, 2014, Safeco offered $10,750.71 to repair the Botais' home and $6,104.92 for the mitigation work performed by Elite Empire Construction.

23. After receiving Safeco's offer, the Botais obtained bids from two additional contractors for the repair work necessary due to water damage at the Botais' home. Monarch

COMPLAINT - 4

Development provided a bid of $68,456.00, and Ginno Construction provided a bid of $71,700. The Botais submitted these bids to Safeco.

24. On or around June 13, 2014, Charles Green responded to the additional bids provided by the Botais and stated that Safeco again wanted to re-inspect the Botais' home.

25. The Botais immediately agreed to make the property available for the re-inspection. On or around July 18, 2014, more than a month after agreeing to the re-inspection and Safeco still not scheduling the re-inspection, the Botais contacted Safeco to inquire when the re-inspection would take place.

26. On or around July 22, 2014, Safeco again had Compass Construction perform the re-inspection and provide a bid for repair work on the Botais' home. Compass Construction submitted a bid of $22,454.15, still a fraction of the three other bids obtained by the Botais.

27. On or around August 5, 2014, the Botais inquired about the difference between the three bids they submitted to Safeco and Compass Construction's bid. Safeco responded on August 12, 2014 stating they "*do not agree with the Elite Empire Construction, Ginno Construction or Monarch Development estimates*" and refused to provide payment.

### FIRST CAUSE OF ACTION
(Breach of Contract)

28. Plaintiffs incorporate by reference the allegations set forth above as if set forth fully herein.

COMPLAINT - 5

29. Safeco breached its contract by failing to pay the amounts due under the Botais' Policy necessary to cover the repairs to the Botais' home. The Policy clearly covered the losses incurred.

30. Safeco's failure to timely respond to the Botais' claims was in violation of the terms of the Policy.

31. Safeco's failure to conduct a reasonable investigation of the Botais' claims was in violation of the terms of the Policy.

32. By its conduct, Safeco breached the implied covenant of good faith and fair dealing.

33. As a direct and proximate result of Safeco's breaches, the Botais have incurred damages, including consequential and incidental damages, in such amount as will be proven at the time of trial. The Botais have incurred and will incur additional attorney fees and costs in order to seek coverage under the insurance contract as a result of Safeco's breach. Safeco is liable for all such damages suffered by the Botais.

## SECOND CAUSE OF ACTION
(Negligence)

34. Plaintiffs incorporate by reference all allegations set forth above as if set forth fully herein.

35. Safeco was in a fiduciary relationship with Jennifer Botai and was under a duty to deal fairly with its insured, including without limitation, to engage in fair and equitable settlements where applicable, to engage in a prompt investigation of claims, and to use the

COMPLAINT - 6

skill, care, and knowledge of other claims representatives and underwriters in evaluating and investigating claims made by an insured.

36. Safeco breached that duty by failing to investigate the Botais' claim in a prompt manner, failing to pay covered losses, and by delaying payment of covered losses.

### THIRD CAUSE OF ACTION
### (Intentional Bad Faith)

37. Plaintiffs incorporate by reference all allegations set forth above as if set forth fully herein.

38. Safeco had a duty to act in good faith in its dealing with its insured. Safeco breached its duty of good faith by intentionally, wantonly, unreasonably, and in bad faith denying the Botais' claims for coverage.

39. Safeco's wrongful denial of the Botais' claim was not a result of a good faith mistake, and the resulting harm to the Botais is not fully compensable by contract damages.

40. Safeco acted in bad faith, and intentionally and unreasonably in its dealings with the Botais and placed its interests ahead of the Botais' by failing to provide policy benefits in accordance with the terms and conditions of the Policy.

41. The above-described bad faith acts are in direct breach of Safeco's common-law duty to act in good faith with respect to its insured and are not exhaustive. The Botais, on information and belief, allege that there may be other instances of intentional bad faith by Safeco.

COMPLAINT - 7

42. As a direct and proximate result of Safeco's bad faith acts, the Botais have suffered damages in an amount to be proven at trial, including, but not limited to, their attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Michael and Jennifer Botai pray for the following relief:

1. For judgment against Safeco Insurance Company of Illinois in an amount to be proven at trial;

2. For attorney fees and costs as provided by Idaho law;

3. For punitive damages as provided by Idaho law;

4. For interest provided by applicable law; and

5. For such other relief the Court deems just and equitable.

DATED this 23 day of September, 2014.

DUNN BLACK & ROBERTS, P.S.

KEVIN W. ROBERTS
ADAM J. CHAMBERS
Attorneys for Plaintiffs

COMPLAINT - 8

STATE OF IDAHO
DEPARTMENT OF INSURANCE
P.O. Box 83720
Boise, Idaho 83720-0043

CERTIFIED MAIL

7013 2250 0002 0426 3010

U.S. POSTAGE >> PITNEY BOWES
ZIP 83702 $ 006.90
02 1W
0001393368 OCT 03 2014

SAFECO INSURANCE COMPANY OF ILLINOIS
%CORPORATION SERVICE COMPANY
12550 W. EXPLORER DRIVE, SUITE 100
BOISE ID 83713