UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

MICHAEL and JENNIFER BOTAI, husband and wife,

                    Plaintiffs,

vs.

SAFECO INSURANCE COMPANY OF ILLINOIS, an Illinois corporation,

                    Defendant.

Case No. 2:14-cv-00445-EJL

ORDER

## INTRODUCTION

On March 22, 2017, Chief United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendants' Motion for Summary Judgment be granted in part and denied in part. (Dkt. 40.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1)*; Local Civil Rule 72.1(b)*. The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). No objections were filed. The matter is ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

# STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found.

**DISCUSSION**

The full procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 40.) The Plaintiffs', Mr. Michael Botai and Mrs. Jennifer Botai, brought suit against Defendant Safeco Insurance Company of Illinois ("Safeco") for breach of contract, negligence, and intentional bad faith. (Dkt. 1, Ex. 1.)

The Report concluded Safeco's total payment under the Plaintiffs' insurance policy precludes Plaintiffs' breach of contract claim. (Dkt. 40.) This Court agrees with the Report in this regard and will adopt the same. Plaintiffs' breach of contract claim alleged nonpayment by Safeco under their policy. (Dkt. 1, Ex. 1.) After the complaint was filed, under the terms of the policy an appraisal process took place and Safeco subsequently made a third payment to Plaintiffs to equal a total payment of $40,727.88, the appraised amount of loss. (Dkt. 40.) With such payment in full, the breach of contract was cured and there is no longer a basis for the claim. This Court adopts the Report's analysis, discussion, and conclusion regarding the granting of Safeco's Motion for Summary Judgment on the breach of contract claim.

The Report also concluded Safeco had a duty to act in good faith in processing and adjusting Plaintiffs' claim under the policy, but material issues of fact exist as to whether Safeco breached that duty precluding summary judgment on the intentional bad faith claim. (Dkt. 40.) This Court agrees with the Report in this regard and will adopt the same. Viewing

the facts in favor of the non-moving party, the Report concluded it is possible Safeco breached its duty and did so in bad faith. This Court adopts the Report's analysis, discussion, and conclusion regarding the denial of Safeco's Motion for Summary Judgment on the intentional bad faith claim.[1]

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on March 22, 2017 (Dkt. 40) is **ADOPTED IN ITS ENTIRETY**. The Motion for Summary Judgment (Dkt. 25) is **GRANTED IN PART** and **DENIED IN PART** as discussed herein. The case remains set for trial on Tuesday, May 30, 2017 at 9:30 a.m. in Coeur d'Alene, Idaho. (Dkt. 24.) The parties shall adhere to the Court's Scheduling Order in making their pretrial filings. (Dkt. 24.)

DATED: April 12, 2017

Edward J. Lodge
United States District Judge

---

[1] As noted in footnote 2 of the Report, the negligence claim is subsumed within the bad faith claim. (Dkt. 40.)